UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ACRISURE, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| RAYMOND PETER BAAR; BUI | § | |
| MLINH (a/k/a Lynn Bui); and ALL | § | |
| DIRECT INSURANCE, INC., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | SA-23-CV-1014-FB (HJB) |
| | § | |
| BUI MLINH (a/k/a Lynn Bui) and | § | |
| ALL DIRECT INSURANCE, INC. | § | |
| | § | |
| Counter/Cross-Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ACRISURE, LLC; A TO Z | § | |
| INSURANCE ENDEAVORS, LLC; | § | |
| RAYMOND PETER BAAR; and | § | |
| AMANDA FALLEUR, | § | |
| | § | |
| Counter/Cross-Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion to Dismiss the Counterclaims of

Defendants Bui Mlinh (a/k/a Lynn Bui) ("Bui") and All Direct Insurance, Inc. ("All Direct" and

collectively, the "Bui Parties") filed by Plaintiff/Counter-Defendant Acrisure, LLC ("Acrisure").

(Docket Entry 78.)  Pretrial matters have been referred to the undersigned for consideration.  (*See*

Docket Entry 11.)  For the reasons set out below, I recommend that Acrisure's motion (Docket Entry 78) be **GRANTED**.

## I.      Jurisdiction.

The Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the parties are diverse and the amount in controversy exceeds $75,000.  (*See* Docket Entries 1, at 3; Docket Entry 81, at 11–12.)  The undersigned issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## II.     Background.

This case arises out of a dispute between Acrisure and Bui as to what contractual agreement, if any, exists between them.  On August 15, 2023, Acrisure filed suit, seeking a declaration as to the validity and enforceability of a written contract—ostensibly signed by Bui on January 14, 2022, and brokered by Defendant Raymond Baar—selling All Direct to Acrisure for $528,000.  (*See* Docket Entry 1, at 4–8.)  Acrisure's complaint also asserts claims against Bui and All Direct for breach of contract, conversion, unjust enrichment, and money had and received. (*See id.* at 8–10.)

The Bui Parties answered, and they filed a counterclaim for declaratory relief against Acrisure, which has subsequently been amended a number of times.  (*See* Docket Entries 8, 47, 62, 63, 77, 81.)[1]  In the counterclaim, the Bui parties allege that Bui did not sign the written contract upon which Acrisure relies, but instead that parties executed a separate, oral contract—one which did not sell All Direct itself, but only its "book of business," (*i.e.*, customer names and contact

---

[1] The Bui Parties have also filed cross-claims which are not the subject of Acrisure's motion. (*See* Docket Entry 81, at 16–19.)

information), as well as "a two-year non-compete in the insurance business." (Docket Entry 81, at 12, 15.)

Acrisure moved to dismiss the Bui Parties' counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Docket Entry 78.)[2]  The Bui Parties filed a response in opposition to the motion (*see* Docket Entry 85), to which Acrisure has replied (*see* Docket Entry 86).

## III.    Applicable Legal Standard.

"A court must dismiss a complaint as a matter of law when the plaintiff fails 'to state a claim upon which relief can be granted.'" *Hernandez v. Causey*, 124 F.4th 325, 331 (5th Cir. 2024) (quoting FED. R. CIV. P. 12(b)(6)), *cert. denied*, 145 S. Ct. 1930 (2025).  "Dismissal can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Sims v. Allstate Fire & Cas. Ins. Co.*, 746 F. Supp. 3d 417, 420 (W.D. Tex. 2024).  To survive dismissal, the complainant must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the well-pleaded facts allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether to grant a 12(b)(6) motion to dismiss, the Court "must not go outside the pleadings." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).  Generally, that means the Court's inquiry is "limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken." *Inclusive Cmtys.*

---

[2] Although the Bui Parties again amended the counterclaim after the motion to dismiss was filed (Docket Entry 81), the parties agreed in open Court that the Acrisure's motion applied to the subsequently amended counterclaim, and the undersigned allowed them to file additional briefing after the counterclaim was amended. (*See* Docket Entry 83.)

*Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted). But the Court may also consider materials attached to the motion if they "are referenced in the complaint and are central to the plaintiff's claims." *Id.* Documents of that sort "are considered part of the pleadings." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

In ruling on a 12(b)(6) motion, "the Court assumes the truth of well-pleaded factual allegations and reasonable inferences therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (citation modified). The Court does not, however, assume the truth of "legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc) (citation modified).

## IV.    Discussion.

Resolving Acrisure's motion requires the Court to make two determinations: (a) whether the Bui Parties' counterclaim against Acrisure is sufficient under Rule 12(b)(6), and (b) if not, whether to permit the Bui Parties yet another opportunity to amend the counterclaim. This Report and Recommendation addresses each issue in turn.

### A.  *Whether the Bui Parties' Counterclaim Has Been Plausibly Alleged.*

The Bui Parties seek a declaration that Bui did not sign the January 14, 2022, written contract with Acrisure, but that Bui instead entered into a valid and enforceable oral contract with Acrisure around the same time. (Docket Entry 81, at 15.) Declaratory judgment would be warranted only if the "oral contract was properly formed under Texas law." *AE Mktg. L.L.C. v. Jenkins-Baldwin Corp.*, No. 3:07-CV-0321-F, 2012 WL 12985447, at *3 (N.D. Tex. Oct. 19, 2012). In the context of the current motion, this means the Court must determine whether the Bui Parties have plausibly alleged the existence of an oral contract. *See id.*

4

When determining whether parties have entered into an oral contract, the Court "looks to the communications between the parties and to the acts and circumstances surrounding the communications." *Gallier v. Woodbury Fin. Services, Inc.*, 171 F. Supp. 3d 552, 567 (S.D. Tex. 2016) (Rosenthal, J.) (quoting *Thornton v. Dobbs*, 355 S.W.3d 312, 316 (Tex. App.—Dallas 2011, no pet.)).  But "[t]he elements of written and oral contracts are the same and must be present for a contract to be binding." *Gallier*, 171 F. Supp. 3d at 567 (quoting *Thornton*, 355 S.W.3d at 316). Those elements are "(1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *Gallier*, 171 F. Supp. 3d at 567 (quoting *Thornton*, 355 S.W.3d at 316).  The Bui Parties' counterclaim fails to plausibly allege two of these requirements: the presence of an offer and a meeting of the minds.

    1.  *Offer.*

In this case, the Bui Parties fail to plausibly allege a valid offer regarding the purported oral contract.  "To prove a valid offer, a party must show that (1) the offeror intended to make an offer, (2) the terms of the offer were clear and definite, and (3) the offeror communicated the essential terms of the offer to the offeree." *Cano v. State Farm Mut. Auto. Ins. Co.*, 425 F. Supp. 3d 779, 790 (W.D. Tex. 2019) (citing *Domingo v. Mitchell*, 257 S.W.3d 34, 39 (Tex. App.—Amarillo 2008, pet. denied)).

In their live pleading, the Bui Parties allege that either Acrisure or Baar or others—they do not clarify which—"aggressively pursued" them "to buy their insurance business," but that they told Acrisure or Baar or others—again, they do not clarify which—that "they did not want to sell the company name or business location, but only the 'book of business'; *i.e.*, customer names and contact information." (Docket Entry 81, at 12.)  Such a generalized statement about what a party

is willing (or not willing) to sell is not an offer; it is more akin to an invitation to offer.  *See, e.g.*, 1 WILLISTON ON CONTRACTS § 4:10 (4th ed. 2025) (describing "general expressions of willingness to enter into a bargain upon stated terms" as merely "inviting offers, or suggesting the terms of a possible future bargain, rather than making positive offers").  Alternatively, the Bui Parties' allegations might support a finding that they made "an offer to enter negotiations," but that "is not an offer capable of being accepted to form a binding contract."  *Pasture Renovators, L.L.C. v. Lawson Cattle & Equip., Inc.*, 480 F. Supp. 2d 890, 893 (W.D. Tex. 2006).

>           2.   *Meeting of the minds.*

Even if the Court could reasonably infer from the Bui Parties' allegations that an offer had been made, the Bui Parties have not plausibly alleged that a meeting of the minds occurred. Whether a "meeting of the minds" occurred is determined objectively, based on "what the parties said and did," rather than "their subjective state of mind."  *Gallier*, 171 F. Supp. 3d at 367 (quoting *Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex. App.—San Antonio 1999, pet. denied)).  "[A] meeting of the minds refers to a mutual understanding and assent to the agreement regarding the subject matter and the essential terms of the contract."  *Mack v. John L. Wortham & Son, L.P.*, 541 F. App'x 348, 362 (5th Cir. 2013).  "It is not enough that one party thinks there was a contract; they must show that their intentions to contract were expressed in a manner that the court is capable of understanding."  *Gallier*, 171 F. Supp. 3d at 367 (quoting *Copeland*, 3 S.W.3d at 605).  And "the essential terms must be defined with sufficient precision to enable the court to determine the obligations of the parties."  *Mack*, 541 F. App'x at 362.

The Bui Parties' counterclaim does not meet these requirements, for at least two reasons. First, the counterclaim reveals no meeting of the minds as to who the contracting parties were. The Bui Parties allege that, at the time of contracting, they believed Baar, or possibly someone

6

else, "was the buyer," and "that Acrisure was just [a] lender to fund" the purchase. (Docket Entry 81, at 14.) However, the Bui Parties allege that "[i]t now appears that Plaintiff Acrisure was the buyer," and that Baar "was the broker." (*Id.*.) In other words, the Bui Parties have affirmatively pleaded that one of the essential terms of the alleged oral contract—the identity of the party with whom Bui was allegedly contracting—was unclear at the time of contracting.

The meeting-of-the-minds element is not plausibly alleged for an additional reason, based on the written contract, which is incorporated by reference into the Bui Parties' pleading and is central to all the claims before the Court. It is central to the Bui Parties' counterclaim because part of the declaratory relief they seek is a "determin[ation] that Bui did not sign the alleged contract," rendering it invalid. (Docket Entry 81, at 13.) The Bui Parties allege that Acrisure or Baar or others—again, they fail to clarify which—"signed or facilitated the signing of . . . Bui's name without authorization to the alleged DocuSign contract," which they specifically identify as the contract attached to Plaintiff's First Amended Complaint. (*Id.*) Consideration of the written contract—and a declaration of its invalidity—is also central to the Bui Parties' claim because, if it were not declared invalid, their oral-contract claim would necessarily fail insofar as the written contract expressly provides that it is "the entire agreement between the parties and shall be binding" and that "[a]ny amendments, or alternative or supplementary provisions, to this Agreement, must be in writing." (Docket Entry 48-1, at 9.)

The problem is that, even if the Bui Parties had plausibly alleged that they did not agree to the terms of the written contract, they have failed to allege any facts that would plausibly show that *Acrisure* did not intend to be bound by its terms. And under the terms of that written contract, Acrisure bargained for much more than just All Direct's "book of business" when it paid $528,000—it bargained for the entire company. (*See* Docket Entry 48-1.) Thus, even if the Bui

7

Parties had plausibly alleged that Bui did not sign the written contract, that contract nevertheless shows that there was no meeting of the minds with Acrisure as to the terms of the putative oral contract the Bui Parties seek to validate.[3]

For all of the reasons discussed above, the "pleaded factual content" in the counterclaim does not "allow[] the [C]ourt to draw the reasonable inference" that the Bui Parties entered into an oral contract with Acrisure. *See Iqbal*, 556 U.S. at 678. Thus, the Bui Parties' counterclaim for declaratory judgment against Acrisure is subject to dismissal.

### B. *Whether the Bui Parties Should be Permitted to Amend Again.*

The only remaining question is whether the Bui Parties' counterclaim should be dismissed with prejudice or whether they should be given an opportunity to file a fourth amended counterclaim. Upon granting a motion to dismiss for failure to state a claim, the Court should give the plaintiff an opportunity to amend their complaint "when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal [wa]s sought." *Bauer v. AGCO Corp.*, 770 F. Supp. 3d 957, 962 (W.D. Tex. 2025). Conversely, the Court should "dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile." *Id.*

Here, the Bui Parties have expressly represented that they have already pleaded their best case. (*See* Docket Entry 85, at 4 ("[Our] allegations of the existence of a contract were pleaded with as much particularity as possible.").) Accordingly, their counterclaim for declaratory

---

[3] Conceivably, the Bui Parties could have alleged some communications that showed Acrisure also had an understanding of the agreement that differed from the written contract; but, as Acrisure points out, the Bui Parties "have not identified a single communication that could give rise to an oral agreement with Acrisure," and they "offer no detail as to the terms of such agreement." (Docket Entry 78, at 3.)

judgment against Acrisure should be dismissed with prejudice—without any further opportunity to amend.

## V.    Conclusion and Recommendation.

Based on the foregoing, I recommend that Acrisure's Motion to Dismiss (Docket Entry 78) be **GRANTED**, and that the Bui Parties' counterclaim against Acrisure for declaratory judgment be **DISMISSED WITH PREJUDICE**.

## VI.    Notice of Right to Object.

The Clerk of the Court shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify the findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections

9

to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on February 13, 2026.

_____

Henry J. Bemporad
United States Magistrate Judge