IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ACRISURE, LLC, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-23-CA-1014-FB (HJB) |
| | § | |
| RAYMOND PETER BAAR; BUI | § | |
| MLINH (a/k/a Lynn Bui); and ALL | § | |
| DIRECT INSURANCE, INC., | § | |
| | § | |
| *Defendants*, | § | |
| | § | |
| and | § | |
| | § | |
| BUI MLINH (a/k/a Lynn Bui) and | § | |
| ALL DIRECT INSURANCE, INC. | § | |
| | § | |
| *Counter/Cross-Plaintiffs*, | § | |
| | § | |
| V. | § | |
| | § | |
| ACRISURE, LLC; A TO Z | § | |
| INSURANCE ENDEAVORS, LLC; | § | |
| RAYMOND PETER BAAR; and | § | |
| AMANDA FALLEUR, | § | |
| | § | |
| *Counter/Cross-Defendants*. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 87) concerns the motion to dismiss the counterclaims of Defendants Bui Mlinh (a/k/a Lynn Bui) and All Direct Insurance, Inc. (collectively, the "Bui Parties") filed by Plaintiff/Counter-Defendant Acrisure, LLC ("Acrisure") (ECF No. 78), along with the Bui Parties' written objections (ECF No. 89) thereto.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A

judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law.  *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court.  Such a review means that the Court will examine the entire record, and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed the Bui Parties' submission in light of the entire record.  As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections.  After due consideration, the Court concludes the objections lack merit.

For the reasons set forth in the Report and Recommendation, the Court agrees with the Magistrate Judge that the  pleaded factual content in the counterclaim does not allow the Court to draw the reasonable inference that the Bui Parties entered into an oral contract with Acrisure.  Accordingly, the Bui Parties' counterclaim for declaratory judgment against Acrisure is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  The Court also agrees with the Magistrate Judge that, because the Bui Parties expressly represent that they have already pleaded their best case, their third amended counterclaim for declaratory judgment against Acrisure should be dismissed with prejudice, without any further opportunity to amend.  *See* (ECF No. 85 at page 4) ("[Our] allegations of the existence of a contract were pleased with as much particularly as possible.")

-3-

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (ECF No. 87) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Acrisure's Motion to Dismiss (ECF No. 78) is GRANTED and the Bui Parties' counterclaim against Acrisure for declaratory judgment is DISMISSED WITH PREJUDICE.

It is so ORDERED.

SIGNED this 9th day of March, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE